[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 618.]

THE STATE OF OHIO, APPELLEE, *v*. TROUTMAN, APPELLANT.

[Cite as *State v. Troutman*, 1995-Ohio-20.]

*Appellate procedure—App.R. 26(B)—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when appellate court finds no genuine issue as to whether applicant was denied effective assistance of counsel on appeal.*

(No. 94-2220—Submitted January 10, 1995—Decided March 22, 1995.)

APPEAL from the Court of Appeals for Lorain County, Nos. 93CA005686, 93CA005687 and 93CA005688.

————————

{¶ 1} Appellant, Coy R. Troutman, was convicted of engaging in a pattern of corrupt activity, two counts of theft, two counts of receiving stolen property, possession of marijuana, possession of criminal tools, and two counts of aggravated trafficking in marijuana. The Court of Appeals for Lorain County reversed one theft conviction, but affirmed the judgment of the trial court in all other respects. *State v. Troutman* (July 6, 1994), Lorain App. Nos. 93CA005686, 93CA005687 and 93CA005688, unreported.

{¶ 2} Appellant then filed with the court of appeals an application to reopen his appeal, alleging ineffective assistance of appellate counsel, pursuant to App.R. 26(B). According to the court of appeals, appellant raised the following issues in the application regarding the failure of appellate counsel: (1) to argue that trial counsel was ineffective for failing to move to dismiss (a) Count 6 of the indictment for omitting the material element of "knowingly," (b) Counts 4 and 5 for omitting the material element of "purpose," and (c) Count 1 for omitting the material elements of "knowingly" and/or "recklessly"; (2) to challenge the trial court's lack

of jurisdiction to conduct a bench trial; (3) to challenge admissions made by appellant, in violation of his right to counsel; (4) to challenge the verdict on Count 2 as being against the manifest weight of the evidence; (5) to challenge the trial court's failure to require the state to elect upon which of two indictments to proceed; and (6) to challenge the trial court's refusal to order the state to disclose the confidential serial numbers on vehicles seized from appellant's property. The court of appeals examined each issue and denied the application, finding no "genuine issue as to whether the applicant was denied effective assistance of counsel on appeal." App.R. 26(B)(5). Appellant appeals to this court as of right.

————————————

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum*, Chief Counsel, for appellee.

*Coy R. Troutman*, *pro se*.

————————————

**Per Curiam.**

{¶ 3} The judgment of the court of appeals is affirmed for the reasons stated in its decision denying the application to reopen the appeal.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.

————————————